UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE WALTON,

                          Plaintiff,

              -against-

FORMER CHIEF JUDGE MICHAEL B.
MUKASEY,

                          Defendants.

20-CV-9710 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently confined at Odyssey House, a court-ordered drug treatment facility,

brings this action *pro se*. Plaintiff seeks to proceed without prepayment of fees, that is, *in forma

pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner.

*See Alston v. Correction Officer Alston*, ECF 1:10-CV-6301, 35 (JSR) (JCF) (S.D.N.Y. June 6,

2011) (revoking IFP and holding that Plaintiff has three qualifying strikes).[1] That order relied on

28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

        Although Plaintiff has filed this new action seeking IFP status, his complaint does not

show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff names

---

[1] Plaintiff appealed Judge Rakoff's order, but the Second Circuit dismissed his appeal "because it lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)." *Walton v. Correction Officer Alston*, No. 11-1550-pr (2d Cir. Sept. 8, 2011). Dismissal of that appeal as frivolous qualifies as an additional strike.

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

former Chief Judge Michael B. Mukasey as a defendant, alleging that Judge Mukasey's dismissals of Plaintiff's prior actions were "abuse[s] of discretion."[2] These allegations do not show that Plaintiff is in imminent danger, and he therefore cannot proceed IFP in this matter.[3]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

---

[2] Judge Mukasey dismissed three of Plaintiff's actions in one order. *See Walton v. Friel*, No. 03-CV-3565 (S.D.N.Y. May 16, 2003); *Walton v. Bennett*, No. 03-CV-3564 (S.D.N.Y. May 16, 2003); *Walton v. Stamelos*, No. 03-CV-3566 (S.D.N.Y. May 16, 2003).

[3] Plaintiff argues that the three dismissals were erroneously decided. But Plaintiff did not file motions for reconsideration in the three actions that were counted as strikes, or appeal the orders of dismissal, and the time for doing so has likely expired. In determining whether a prisoner has three strikes, the Court looks at how the court dismissing the action ruled; it is not an opportunity for this Court to reconsider the orders of dismissal. And even if this Court could reconsider the orders of dismissal in the context of this action against Judge Mukasey, which it cannot, Plaintiff does not appear to have raised any viable grounds for doing so.

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 22, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge